**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | |
|---|---|
| Robert F.,<br><br>*Plaintiff*,<br><br>*v.*<br><br>Frank J. Bisignano,<br>Commissioner of Social Security,<br><br>*Defendant*. | Case No. 3:25-cv-50165<br><br>Honorable Michael F. Iasparro |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert F. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his application for period of disability and disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On December 8, 2022, Plaintiff filed an application for period of disability and disability insurance benefits alleging a disability onset date of October 17, 2018. R. 246. Following a hearing, an Administrative Law Judge ("ALJ") issued a partially favorable decision finding that Plaintiff was not disabled on his alleged onset date but became disabled on January 1, 2020 because of Plaintiff's absenteeism and inability to stay on task for a sufficient part of the day. R. 97. The ALJ then found that Plaintiff saw medical improvement as of May 1, 2021 that was related to his ability to work. R. 99. The ALJ concluded that as of May 1, 2021, Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> occasionally climb ramps and stairs, and occasionally stoop, kneel, balance, crouch and crawl, but never climb ladders, ropes or scaffolds; perform fine and gross manipulation frequently but not constantly; limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights, and avoid concentrated exposure to unguarded hazardous machinery; understand, remember and carry out simple instructions; use judgment to make simple work-related decisions; occasional interactions with supervisors and coworkers; no interactions with the general public; no work requiring a specific production rate such as assembly line work, but can tolerate end of day quotas; occasional changes in a routine work setting.

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 6.

R. 99-100 (citation modified). The ALJ found that Plaintiff has no past relevant work but there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 103-04.

The Appeals Council reversed the favorable portion of the ALJ's opinion, finding that Plaintiff was not entitled to benefits during the period when the ALJ found him disabled because Plaintiff's application was not filed until December 8, 2022, disqualifying Plaintiff from benefits during that time period. R. 1-8 (citing 20 C.F.R. §§ 404.315, 404.320). Plaintiff then filed this action seeking judicial review.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the Commissioner's decision on four grounds: (1) the ALJ erred in finding medical improvement as of May 1, 2021; (2) Plaintiff's physical impairments supported a more restrictive RFC in 2021; (3) the ALJ erred in evaluating the opinion evidence; and (4) the ALJ did not provide substantial support for his determination that Plaintiff did not meet the C criteria of medical listing 12.04. Dkt. 13. As explained in further detail below, the Court does not find that any of these alleged errors warrant remand.

1) Medical Improvement

Plaintiff first argues that "the ALJ erred in finding medical improvement as of the arbitrary date of May 1, 2021." Dkt. 13, at 6. An ALJ will find a claimant's disability has ended if the claimant "experienced some 'medical improvement' that allows him to work even though he previously could not." *Alvarado v. Colvin*, 836 F.3d 744, 747 (7th Cir. 2016) (citing 20 C.F.R. §

404.1594(c)). To make this determination, the ALJ will compare the RFC from the period of disability to the current RFC "in order to determine if [the claimant's] functional capacity for basic work activities has increased." 20 C.F.R. § 404.1594(c)(3)(ii).

Here, the ALJ determined that during the period of disability (January 1, 2020 through April 30, 2021) Plaintiff would "have been absent from work an average of more than two days out of any typical work month, and would have been off task more than 15% out of any typical work day." R. 97. The ALJ based this on the fact that Plaintiff "required multiple hospitalizations during this period, which were also followed by intensive mental health treatment in a partial hospitalization program." R. 99. Plaintiff last reported to the emergency department on April 29, 2021, and was released that same day. *Id.* (citing R. 729). The ALJ was entitled to determine that two days later, with no further hospitalizations,[2] Plaintiff would no longer be absent and off task to the same extent that he would have been during the period of disability. Furthermore, the ALJ recognized that "the record [demonstrated that] since May 1, 2021 and through the expiration of [Plaintiff's] date last insured, [Plaintiff] actually denied feeling down, depressed, hopeless, or having little interest or pleasure in doing things" and "reported that everything had been going good, and that he did not want to hurt himself." R. 99 (citing R. 1904, 922). Despite Plaintiff's challenges to parts of this analysis, the ALJ's finding that Plaintiff was no longer disabled as of May 1, 2021, was supported by substantial evidence including Plaintiff's self-reported improvement, and will not be disturbed by this Court.

2) Physical Impairments

Plaintiff goes on to argue that the ALJ erred in finding that Plaintiff had the same RFC after the period of disability as he did during the previous period of non-disability because Plaintiff's physical impairments worsened during that time. Dkt. 13, at 7-9. Plaintiff points to several pieces of evidence demonstrating a neurological condition that he believes the ALJ ignored.[3] *Id.*

However, Plaintiff "does not specify how his [neurological condition] further impaired his ability to work" so remand for further consideration "would not affect the outcome of this case." *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004); *see also Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none."). Plaintiff does suggest that "*if* he were reduced to sedentary work in 2021 . . . , Grid Rule 201.14 would be applicable and medical improvement could not be found." Dkt. 13, at 9 (emphasis added). But such conjecture is insufficient, especially because the ALJ cited numerous medical records from

[2] The later hospitalization in January 2023 was far beyond Plaintiff's date last insured and thus does not weigh on this determination. Moreover, any error relating to the ALJ's lack of consideration for the partial hospitalization from May 7, 2021 through June 1, 2021, as the Commissioner correctly explains, is harmless inasmuch as an extended period of disability through June 2, 2021, would still be more than 12 months before Plaintiff filed his application and thus would not entitle him to benefits. *See* Dkt. 14, at 5 (citing R. 5-6; 20 C.F.R. §§ 404.315, 404.320).

[3] This evidence includes a diagnosis that did not arise until 2021. Dkt. 13, at 7. To be clear, a diagnosis alone is not evidence of any limitations or even the existence of a medically determinable impairment. *See Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) ("Conditions must not be confused with disabilities.").

the period in dispute (May 1, 2021 to December 31, 2021) which support the RFC and contradict Plaintiff's contention that his physical condition, in particular neuropathy, may require a sedentary RFC determination. *See* R. 100 (citing R. 602 ("near baseline for functional mobility, strength and balance"), 1111 ("Denies any pain . . . No erythema, no edema right foot"), 1958 ("grossly normal strength and appropriate coordinated use of all extremities . . . normal gait, able to stand without difficulty")). In fact, Plaintiff testified at the hearing that he could lift up to forty pounds and had no difficulty standing or walking aside from a limp caused by his missing toes. R. 44, 46. This certainly does not suggest that Plaintiff needs to be restricted to sedentary work which requires "lifting no more than 10 pounds at a time" with only occasional "walking and standing." *SSR 83-10: Determining Capability to Do Other Work*, 1983 WL 31251, at *5 (Jan. 1, 1983). Where the ALJ provided substantial evidence supporting his RFC finding, and with Plaintiff himself testifying that he is capable of performing more than sedentary work, Plaintiff cannot now argue that the evidence "compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation omitted).

3) Opinion Evidence

Plaintiff also argues that the ALJ created an evidentiary gap in the record when he rejected all the medical opinions. Dkt. 13, at 10. In his reply, Plaintiff pulls this argument back somewhat by recognizing "that an ALJ rejecting all medical opinions may, but does not always, create an evidentiary gap in the record." Dkt. 15, at 8.

An RFC "is a legal – and not a medical – decision that is exclusively within the ALJ's authority to make." *John S. v. Bisignano*, No. 23 C 2041, 2025 WL 1505405, at *3 (N.D. Ill. May 27, 2025) (citation omitted). Thus, the ALJ did not err by crafting an RFC based on the record despite finding all the physicians' opinions unpersuasive. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("[A]n ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."). The ALJ may not, however, play doctor by "reach[ing] his own independent *medical* conclusion." *Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009) (emphasis added). Plaintiff suggests that the ALJ did exactly this when he found that Plaintiff's "doctors listed normal findings or a lack of edema or neuropathy." Dkt. 13, at 11 (citing R. 101). But that is exactly how the findings are portrayed in the record. *See* R. 1088 ("no neuropathy . . . per podiatry"); R. 1111 ("no edema right foot"); R. 1825 ("tone is normal in upper and lower extremities"); R. 1907 ("no edema . . . normal gait, able to stand without difficulty . . . general coordination normal"). The ALJ was not required to seek a medical expert to interpret this information that was already "conveyed in layman's terms." *Baptist v. Kijakazi*, 74 F.4th 437, 442 (7th Cir. 2023).

Plaintiff also challenges the ALJ's determination about the persuasiveness of Dr. Gallagher's medical opinion. Dkt. 13, at 12-13. Specifically, Plaintiff argues that the ALJ's reliance on the belatedness of Dr. Gallagher's opinion, the lack of clarity on whether Dr. Gallagher believed Plaintiff met or equaled a listing, and the lack of objective medical findings showed flaws in the ALJ's determination that Dr. Gallagher's opinion was unpersuasive. *Id.* But these are exactly the sort of factors the ALJ should consider in determining the persuasiveness of a medical opinion. *See Pufahl v. Bisignano*, 142 F.4th 446, 456 (7th Cir. 2025) (affirming the ALJ's medical opinion evaluation based on the physicians' "lack of explanation," reliance "primarily on subjective reports," and "the unsupported and delayed nature" of the opinions). Moreover, the ALJ

recognized the positive attributes of Dr. Gallagher's opinion – the fact that he "specializes in mental health and has had a longitudinal treatment relationship with" Plaintiff – but, in consideration of all the relevant factors, found that Dr. Gallagher's opinion was not persuasive. R. 103 ("Dr. Gallagher rendered this opinion over a year after the expiration of the claimant's date last insured," "failed to identify any objective clinical findings or refer to specific treatment notes as evidentiary support for his assessment in this regard," and "[w]hen asked to provide support for his assessment in this regard, . . . did not provide a response."). The Court will not disturb this reasonable determination on appeal.

4) Listing Analysis

Finally, Plaintiff alleges that "evidence exists that supports 12.04C criteria should have been satisfied." Dkt. 13, at 13. The Court certainly agrees that the ALJ's analysis of the C criteria is perfunctory. *See* R. 93. However, to prevail on an argument that the ALJ's listing analysis was flawed, Plaintiff must show that "the record 'compels a contrary result.'" *Thorlton*, 127 F.4th at 1081 (citation omitted). Plaintiff has failed to do so.

To meet the severity of Listing 12.04, Plaintiff must establish that either the "B" or "C" criteria identified in the listing are met.[4] 20 C.F.R. § 404, Subpt. P, App. 1. Plaintiff alleges that his impairments satisfy the "C" criteria which requires a showing that the relevant impairment: (1) has required "medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [his] mental disorder" and (2) permits only "marginal adjustment" (defined as a "minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life"). *Id.* The only evidence that Plaintiff points at to show marginal adjustment is an incident in which he attempted to self-harm. Dkt. 13, at 15 (citing R. 928). However, Plaintiff "does not present any legal authority that his [self-harm attempt] demonstrates the 'marginal adjustment'" requirement. *Daniel H. v. Kijakazi*, No. 1:20-cv-02597-MJD-TWP, 2021 WL 5370140, at *7 (S.D. Ind. Nov. 18, 2021). Moreover, this incident was not reported (and presumably did not occur) until April 2022, nearly four months after Plaintiff's date last insured. R. 928. This is insufficient to compel a finding that the C criteria, and thus the 12.04 listing, were met, or that the record compels a contrary result.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal and remand is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: August 13, 2026

By: ______________________
Michael F. Iasparro
United States Magistrate Judge

[4] The "A" criteria must also be satisfied but because neither the ALJ nor Plaintiff made any mention of this requirement, the Court will focus on the "B" and "C" criteria.